**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PURDUE PHARMA L.P., and<br>PURDUE PHARMACEUTICALS L.P.,<br><br>Plaintiffs,<br>v.<br><br>ACCORD HEALTHCARE INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 5:24-cv-284-FL |

**PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO ACCORD'S COUNTERCLAIMS TO PURDUE'S FIRST AMENDED COMPLAINT**

Plaintiffs Purdue Pharma L.P. and Purdue Pharmaceuticals L.P. (collectively, "Purdue" or "Plaintiffs"), answer the Counterclaims of Defendant Accord Healthcare Inc. ("Accord" or "Defendant") in accordance with the numbered paragraphs thereof as follows. Defendant's Counterclaims are restated below for the Court's convenience. Any allegations in the Counterclaims that are not expressly admitted below are denied.

**COUNTERCLAIMS**

1. This Counterclaim for declaratory relief arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no responses are required and are therefore denied.

2. The Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no responses are required. To the extent a response is required, Plaintiffs do not contest subject matter jurisdiction

for purposes of this action only.

3. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

**ANSWER:** The allegations of this paragraph state legal conclusions to which no responses are required. To the extent a response is required, Plaintiffs do not contest venue for purposes of this action only.

4. Upon information and belief, Plaintiff Purdue Pharma L.P. ("Purdue Pharma") is a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901.

**ANSWER:** Admitted.

5. Upon information and belief, Plaintiff Purdue Pharma L.P. ("Purdue Pharma") is a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901.

**ANSWER:** Admitted. To the extent that Accord's allegations relate to Plaintiff Purdue Pharmaceuticals L.P. and not Plaintiff Purdue Pharma L.P. (who is also identified in paragraph 4 above), denied. Plaintiff Purdue Pharmaceuticals L.P. is a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at 4701 International Boulevard W., Wilson, North Carolina 27893.

6. The present civil action is Plaintiffs' third action against Accord for infringement of patent claims of patents that claim priority through a series of continuations to the ultimate parent application, U.S. application No. 11/844,872, filed on Aug. 24, 2007, now U.S. Patent No. 8,894,987.

**ANSWER:** Plaintiffs admit this civil action is Plaintiffs' third patent infringement action against Accord involving patents that are related to U.S. application No. 11/844,872. Plaintiffs

admit that U.S. application No. 11/844,872 was filed on August 24, 2007, and that it issued as U.S. Patent No. 8,894,987. The remaining allegations in this paragraph state legal conclusions to which no responses are required and are therefore denied.

7. Plaintiff is holder of New Drug Application ("NDA") No. 022272 that was approved on April 5, 2010.

**ANSWER:** Plaintiffs admit that Purdue Pharma L.P. is the holder of NDA No. 022272 and that NDA No. 022272 was approved on April 5, 2010. Except as expressly admitted, Plaintiffs deny the remaining allegations of Paragraph 7.

8. NDA 022272 is directed to Plaintiffs' OxyContin® (oxycodone hydrochloride) ("OxyContin®"), an extended-release pain medication.

**ANSWER:** Plaintiffs admit that NDA 022272 relates to OxyContin®, that OxyContin® is an extended-release medication, and that OxyContin® is a pain medication. Except as expressly admitted, Plaintiffs deny the remaining allegations of Paragraph 8.

9. On October 4, 2017, Plaintiff submitted U.S. Patent No. 9,775,808 (the '808 patent) for inclusion in the Orange Book listing for NDA No. 022272.

**ANSWER:** Admitted as to Purdue Pharma L.P. Except as expressly admitted, Plaintiffs deny the remaining allegations of Paragraph 9.

10. On September 19, 2017, Plaintiff submitted U.S. Patent No. 9,763,933 ("the '933 patent") for inclusion in the Orange Book listing for NDA No. 022272.

**ANSWER:** Admitted as to Purdue Pharma L.P. Except as expressly admitted, Plaintiffs deny the remaining allegations of Paragraph 10.

11. On August 25, 2020, Accord filed Abbreviated New Drug Application ("ANDA") No. 213564 with the FDA seeking approval to market a generic version of Purdue's OxyContin.

**ANSWER:** Denied on information and belief.

12. Based on the filing of ANDA No. 213564, on October 8, 2020, Plaintiffs sued Accord in the District Court of Delaware for infringement of, *inter alia*, patent claims from the ’933 patent and the ’808 patent under 35 U.S.C. § 271(e)(2)(A), hereinafter, the “*Purdue v. Accord I*” case.

**ANSWER:** Admitted.

13. After a three-day bench trial held from September 19 to September 21, 2022, on April 11, 2023, Judge Andrews issued a trial opinion finding all asserted claims in the *Purdue v. Accord I* case invalid as obvious.

**ANSWER:** Plaintiffs admit that Judge Andrews held a bench trial in the *Purdue v. Accord I* case from September 19 to September 21, 2022 concerning Accord’s counterclaims of invalidity only, because Accord had previously admitted to infringement. Plaintiffs admit that Judge Andrews issued a trial opinion finding the six claims asserted at trial invalid, which is currently on appeal to the United States Court of Appeals for the Federal Circuit (*Purdue Pharma L.P. et al. v. Accord Healthcare Inc.*, No. 23-1953 (Fed. Cir.)). Except as expressly admitted, Plaintiffs deny the remaining allegations of Paragraph 13.

14. Judge Andrews entered final judgement in the *Purdue v. Accord I* case on April 26, 2023.

**ANSWER:** Admitted.

15. On September 21, 2020, Plaintiffs filed U.S. Patent Applications 17/027,222 (“the 222 app.”) and 17/027,307 ([*sic*] “the 307 app”). These applications, through a series of continuations, claim priority to U.S. application No. 11/844,872, filed on Aug. 24, 2007, now U.S. Patent No. 8,894,987.

**ANSWER:** Plaintiffs admit that U.S. Patent Applications 17/027,222 and 17/027,307 were filed on September 21, 2020. Plaintiffs admit that U.S. Patent Applications 17/027,222 and 17/027,307 are related to U.S. application No. 11/844,872. Plaintiffs admit that U.S. application No. 11/844,872 was filed on August 24, 2007, and that it issued as U.S. Patent No. 8,894,987. The remaining allegations in this paragraph state legal conclusions to which no responses are required and are therefore denied.

16. On April 19, 2022, the 222 app. issued as U.S. Patent No. 11,304,908 ("the '908 patent") and the 307 app. issued as U.S. Patent No. 11,304,909 ("the '909 patent").

**ANSWER:** Admitted.

17. On April 21, 2022, Plaintiff submitted the '908 patent and the '909 patent for inclusion in the Orange Book listing for NDA No. 022272.

**ANSWER:** Admitted as to Purdue Pharma L.P. Except as expressly admitted, Plaintiffs deny the remaining allegations of Paragraph 17.

18. Based on the filing of ANDA No. 213564, on July 8, 2022, Plaintiffs sued Accord, for the second time, in the District Court of Delaware for infringement of the '908 patent and the '909 patent under 35 U.S.C. § 271(e)(2)(A), hereinafter, the "*Purdue v. Accord II*" case.

**ANSWER:** Admitted.

19. Circuit Judge William C. Bryson, sitting by designation, held a two-day bench trial on February 12 and 13, 2024 in the *Purdue v. Accord II* case.

**ANSWER:** Plaintiffs admit that Circuit Judge William C. Bryson, sitting by designation, held a two-day bench trial on February 12 and 13, 2024 in the *Purdue v. Accord II* case, concerning Accord's counterclaims of invalidity only, because Accord had previously admitted to infringement.

20. After the issuance of the patents asserted in the *Purdue v. Accord I* case and before the filing of the patent applications that resulted in the ’055 patent, the ’472 patent, the ’225 patent and the ’056 patent, Plaintiffs filed, prosecuted and abandoned five intervening continuation applications.

**ANSWER:** Plaintiffs admit filing and prosecuting four intervening continuation patent applications after issuance of the patents asserted in *Purdue v. Accord I* and before filing the patent applications that resulted in the ’055, the ’472, the ’225, and the ’056 patents. The remaining allegations in this paragraph state legal conclusions to which no responses are required and are therefore denied.

21. Plaintiffs filed U.S. Patent Application No. 15/597,885 on May 17, 2017.

**ANSWER:** Admitted.

22. U.S. Patent Application No. 15/597,885 went abandoned on February 22, 2018.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no responses are required. To the extent a response is required, Plaintiffs admit that the USPTO issued a Notice of Abandonment on February 26, 2018, relating to U.S. Patent Application No. 15/597,885.

23. Plaintiffs filed U.S. Patent Application No. 15/885,074 on January 31, 2018.

**ANSWER:** Admitted.

24. U.S. Patent Application No. 15/885,074 went abandoned on April 25, 2019.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no responses are required. To the extent a response is required, Plaintiffs admit that the USPTO issued a Notice of Abandonment on April 30, 2019, relating to U.S. Patent Application No. 15/885,074.

25. Plaintiffs filed U.S. Patent Application No. 16/386,963 on April 17, 2019.

**ANSWER:** Admitted.

26. U.S. Patent Application No. 16/386,963 went abandoned on December 31, 2019.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no responses are required. To the extent a response is required, Plaintiffs admit that the United States Patent and Trademark Office ("USPTO") issued a Notice of Abandonment on January 2, 2020, relating to U.S. Patent Application No. 16/386,963.

27. Plaintiffs filed U.S. Patent Application No. 16/697,855 on November 27, 2019.

**ANSWER:** Admitted.

28. U.S. Patent Application No. 16/697,855 went abandoned on August 18, 2020.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no responses are required. To the extent a response is required, Plaintiffs admit that the USPTO issued a Notice of Abandonment on August 19, 2020, relating to U.S. Patent Application No. 16/697,855.

29. Plaintiffs filed U.S. Patent Application No. 16/931,803 on July 17, 2020.

**ANSWER:** Admitted.

30. U.S. Patent Application No. 16/931,803 went abandoned on July 2, 2022.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no responses are required. To the extent a response is required, Plaintiffs admit that the USPTO issued a Notice of Abandonment on July 8, 2022, relating to U.S. Patent Application No. 16/931,803.

31. On August 22, 2022, Plaintiffs filed U.S. Patent Application 17/892,553 ("the 553 application"). The 553 application, through a series of continuations, claims priority to U.S. Application No. 11/844,872, filed on Aug. 24, 2007, now U.S. Patent No. 8,894,987. On February 20, 2024, the 553 application issued as U.S. Patent No. 11,904,055 ("the '055 patent").

**ANSWER:** Plaintiffs admit filing U.S. Patent Application 17/892,553 on August 22, 2022, that it is related to U.S. application No. 11/844,872, and that it issued as U.S. Patent No. 11,904,055

on February 20, 2024. Plaintiffs admit that U.S. application No. 11/844,872 was filed on August 24, 2007, and that it issued as U.S. Patent No. 8,894,987. The remaining allegations in this paragraph state legal conclusions to which no responses are required and are therefore denied.

32. U.S. Patent Application 17/892,553 is a child of U.S. Patent Application No. 16/931,803.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no responses are required and are therefore denied. To the extent a response is required, Plaintiffs admit that U.S. Patent Application 17/892,553 is related to U.S. Patent Application No. 16/931,803.

33. On May 5, 2023, Plaintiffs filed U.S. Patent Application 18/143,927 ("the 927 application"). The 927 application, through a series of continuations, claims priority to U.S. application No. 11/844,872, filed on Aug. 24, 2007, now U.S. Patent No. 8,894,987. On November 28, 2023, the 927 application issued as U.S. Patent No. 11,826,472 ("the '472 patent").

**ANSWER:** Plaintiffs admit filing U.S. Patent Application 18/143,927 on May 5, 2023, that it is related to U.S. application No. 11/844,872 and that it issued as U.S. Patent No. 11,826,472 on November 28, 2023. Plaintiffs admit that U.S. application No. 11/844,872 was filed on August 24, 2007, and that it issued as U.S. Patent No. 8,894,987. The remaining allegations in this paragraph state legal conclusions to which no responses are required and are therefore denied.

34. Plaintiffs requested the United States Patent Office prioritize examination of the 927 application as a track 1 application. The USPTO granted the request and prioritized examination of the 927 application.

**ANSWER:** Plaintiffs admit requesting track 1 priority examination and that the USPTO granted Plaintiffs' request. Plaintiffs lack knowledge or information sufficient to form a belief regarding the USPTO's examination priorities and therefore deny the remaining allegations in paragraph 34.

35. U.S. Patent Application 18/143,927 is a child of U.S. Patent Application 17/892,553.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no responses are required and are therefore denied. To the extent a response is required, Plaintiffs admit that U.S. Patent Application 18/143,927 is related to U.S. Patent Application 17/892,553.

36. On June 5, 2023, Plaintiffs filed U.S. Patent Application 18/205,786 ("the 786 application"). The 786 application, through a series of continuations, claims priority to U.S. application No. 11/844,872, filed on Aug. 24, 2007, now U.S. Patent No. 8,894,987. On March 26, 2024, the 786 application issued as U.S. Patent No. 11,938,225 ("the '225 patent").

**ANSWER:** Plaintiffs admit filing U.S. Patent Application 18/205,786 on June 5, 2023, that it is related to U.S. application No. 11/844,872, and that it issued as U.S. Patent No. 11,938,225 on March 26, 2024. Plaintiffs admit that U.S. application No. 11/844,872 was filed on August 24, 2007, and that it issued as U.S. Patent No. 8,894,987. The remaining allegations in this paragraph state legal conclusions to which no responses are required and are therefore denied.

37. Plaintiffs requested the United States Patent Office prioritize examination of the 786 application as a track 1 application. The USPTO granted the request and prioritized examination of the 786 application.

**ANSWER:** Plaintiffs admit requesting track 1 priority examination and that the USPTO granted Plaintiffs' request. Plaintiffs lack knowledge or information sufficient to form a belief regarding the USPTO's examination priorities and therefore deny the remaining allegations in paragraph 37.

38. U.S. Patent Application 18/205,786 is a child of U.S. Patent Application 18/143,927.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no responses are

required and are therefore denied. To the extent a response is required, Plaintiffs admit that U.S. Patent Application 18/205,786 is related to U.S. Patent Application 18/143,927.

39. On September 27, 2023, Plaintiffs filed U.S. Patent Application 18/475,755 ("the 755 application"). The 755 application, through a series of continuations, claims priority to U.S. application No. 11/844,872, filed on Aug. 24, 2007, now U.S. Patent No. 8,894,987. On April 23, 2024, the 755 application issued as U.S. Patent No. 11,964,056 ("the '056 patent").

**ANSWER:** Plaintiffs admit filing U.S. Patent Application 18/475,755 on September 27, 2023, that it is related to U.S. Pat. No. 8,894,987, and that it issued as U.S. Patent No. 11,964,056 on April 23, 2024. Plaintiffs admit that U.S. application No. 11/844,872 was filed on August 24, 2007, and that it issued as U.S. Patent No. 8,894,987. The remaining allegations in this paragraph state legal conclusions to which no responses are required and are therefore denied.

40. Plaintiffs requested the United States Patent Office prioritize examination of the 755 application as a track 1 application. The USPTO granted the request and prioritized examination of the 755 application.

**ANSWER:** Plaintiffs admit requesting track 1 priority examination and that the USPTO granted Plaintiffs' request. Plaintiffs lack knowledge or information sufficient to form a belief regarding the USPTO's examination priorities and therefore deny the remaining allegations in paragraph 40.

41. U.S. Patent Application 18/475,755 is a child of U.S. Patent Application 18/205,786.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no responses are required and are therefore denied. To the extent a response is required, Plaintiffs admit that U.S. Patent Application 18/475,755 is related to U.S. Patent Application 18/205,786.

42. U.S. Patent Application No. 18/603,884 was filed on March 13, 2024. On March

11, 2025, the 884 application issued as U.S. Patent No. 12,246,094 ("the '094 patent").

**ANSWER:** Admitted.

43. Based on the filing of ANDA No. 213564, on May 21, 2024, Plaintiffs filed this suit against Accord for infringement of the '055 patent, the '472 patent, the '225 patent and the '056 patent under 35 U.S.C. § 271(e)(2)(A), hereinafter, the "*Purdue v. Accord III*" case.

**ANSWER:** Plaintiffs admit to filing this suit on May 21, 2024 against Accord for infringement of the '055, the '472, the '225, and the '056 patents in connection with Accord's ANDA No. 213564. Except as expressly admitted, Plaintiffs deny the remaining allegations of Paragraph 43.

44. The patent applications that resulted in the '055 patent, the '472 patent, the '225 patent and the '056 patent were filed during the pendency of the *Purdue v. Accord II* case.

**ANSWER:** Admitted.

45. The '055 patent, the '472 patent, the '225 patent, '056 patent and '094 patent will expire on August 24, 2027.

**ANSWER:** The allegations of this paragraph state legal conclusions to which no responses are required, and are therefore denied.

46. Plaintiffs have admitted that, starting in 2020 and continuing through to 2024 with the filing of the present civil action, they have filed three separate civil actions asserting a total of 12 patents against Accord. See Exhibit A.

**ANSWER:** Plaintiffs lack knowledge or information sufficient to form a belief about the truth of Defendant's statement in paragraph 46 and therefore deny these allegations. No Exhibit A was attached to Accord's Answer to Purdue's First Amended Complaint. *See* Dkt.47.

47. The federal court management statistics published on the United States Courts website indicates that for the 12-month period ending in December 2023, the median time (months)

from filing to trial of a civil case filed in the Eastern District of North Carolina district court was thirty-one months. See https://www.uscourts.gov/file/78409/download (last visited July 24, 2024).

**ANSWER:** Plaintiffs admit that the report available at https://www.uscourts.gov/file/78409/download indicates for the 12-month period ending in December 2023, the median time (months) from filing to trial of a civil case filed in the Eastern District of North Carolina district court was 31.2 months. Plaintiffs lack knowledge or information sufficient to form a belief about the truth of Defendant's remaining allegations in paragraph 47, and therefore deny them.

48. Plaintiffs' delay in filing the patent applications that resulted in the '055 patent, the '472 patent, the '225 patent, '056 patent and the '094 patent was unreasonable and unjustified.

**ANSWER:** Denied.

49. Defendant has been embroiled in litigation related to Plaintiffs' NDA longer than it otherwise would be because Plaintiffs delayed the filing of the patent applications with claims that resulted in the '055 patent, the '472 patent, the '225 patent, '056 patent, and the '094 patent, thereby multiplying the expenses to Accord.

**ANSWER:** Denied.

50. Plaintiffs delayed the filing the patent applications that resulted in the '055 patent, the '472 patent, the '225 patent, the '056 patent, and the '094 patent to undermine the goals of the Hatch- Waxman Act.

**ANSWER:** Denied.

51. Prior to and after the filing of its ANDA, Accord invested in and continues to invest in developing a generic version of Oxycontin®.

**ANSWER:** Plaintiffs lack knowledge or information sufficient to form a belief about the truth of Defendant's statement in paragraph 51 and therefore deny these allegations.

52. Accord suffered prejudice attributable to Plaintiffs' delay in filing the patent applications that resulted in the '055 patent, the '472 patent, the '225 patent, the '056 patent, and the '094 patent.

**ANSWER:** Denied.

**COUNT I**
**DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '055 PATENT DUE TO PROSECUTION LACHES**

53. Accord restates, realleges, and incorporates by reference the allegations made in the Affirmative Defenses above and in Paragraphs 1-52 of this Counterclaim.

**ANSWER:** Plaintiffs restate, reallege, and incorporate by reference their above answers to Paragraphs 1-52 of the Counterclaims as if fully set forth herein.

54. Plaintiffs' delay in filing the patent application that resulted in the '055 patent was unreasonable and unjustified.

**ANSWER:** Denied.

55. Prior to and after the filing of its ANDA, Accord invested in and continues to invest in developing a generic version of Oxycontin®.

**ANSWER:** Plaintiffs lack knowledge or information sufficient to form a belief about the truth of Defendant's statement in paragraph 55 and therefore deny these allegations.

56. Accord suffered prejudice attributable to Plaintiffs' delay in filing the patent applications that resulted in the '055 patent.

**ANSWER:** Denied.

57. Prosecution laches renders the '055 patent unenforceable.

**ANSWER:** Denied.

**COUNT II**
**DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE ’472 PATENT DUE TO PROSECUTION LACHES**

58. Accord restates, realleges, and incorporates by reference the allegations made in the Affirmative Defenses above and in Paragraphs 1-57 of this Counterclaim.

**ANSWER:** Plaintiffs restate, reallege, and incorporate by reference their above answers to Paragraphs 1-57 of the Counterclaims as if fully set forth herein.

59. Plaintiffs’ delay in filing the patent application that resulted in the ’472 patent was unreasonable and unjustified.

**ANSWER:** Denied.

60. Prior to and after the filing of its ANDA, Accord invested in and continues to invest in developing a generic version of Oxycontin®.

**ANSWER:** Plaintiffs lack knowledge or information sufficient to form a belief about the truth of Defendant’s statement in paragraph 60 and therefore deny these allegations.

61. Accord suffered prejudice attributable to Plaintiffs’ delay in filing the patent applications that resulted in the ’472 patent.

**ANSWER:** Denied.

62. Prosecution laches renders the ’472 patent unenforceable.

**ANSWER:** Denied.

**COUNT III**
**DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE ’225 PATENT DUE TO PROSECUTION LACHES**

63. Accord restates, realleges, and incorporates by reference the allegations made in the Affirmative Defenses above and in Paragraphs 1-62 of this Counterclaim.

**ANSWER:** Plaintiffs restate, reallege, and incorporate by reference their above answers to

Paragraphs 1-62 of the Counterclaims as if fully set forth herein.

64. Plaintiffs' delay in filing the patent application that resulted in the '225 patent was unreasonable and unjustified.

**ANSWER:** Denied.

65. Prior to and after the filing of its ANDA, Accord invested in and continues to invest in developing a generic version of Oxycontin®.

**ANSWER:** Plaintiffs lack knowledge or information sufficient to form a belief about the truth of Defendant's statement in paragraph 65 and therefore deny these allegations.

66. Accord suffered prejudice attributable to Plaintiffs' delay in filing the patent applications that resulted in the '225 patent.

**ANSWER:** Denied.

67. Prosecution laches renders the '225 patent unenforceable.

**ANSWER:** Denied.

## COUNT IV
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '056 PATENT DUE TO PROSECUTION LACHES

68. Accord restates, realleges, and incorporates by reference the allegations made in the Affirmative Defenses above and in Paragraphs 1-67 of this Counterclaim.

**ANSWER:** Plaintiffs restate, reallege, and incorporate by reference their above answers to Paragraphs 1-67 of the Counterclaims as if fully set forth herein.

69. Plaintiffs' delay in filing the patent application that resulted in the '056 patent was unreasonable and unjustified.

**ANSWER:** Denied.

70. Prior to and after the filing of its ANDA, Accord invested in and continues to invest

in developing a generic version of Oxycontin®.

**ANSWER:** Plaintiffs lack knowledge or information sufficient to form a belief about the truth of Defendant's statement in paragraph 70 and therefore deny these allegations.

71. Accord suffered prejudice attributable to Plaintiffs' delay in filing the patent applications that resulted in the '056 patent.

**ANSWER:** Denied.

72. Prosecution laches renders the '056 patent unenforceable.

**ANSWER:** Denied.

## COUNT V
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '094 PATENT DUE TO PROSECUTION LACHES

73. Accord restates, realleges, and incorporates by reference the allegations made in the Affirmative Defenses above and in Paragraphs 1-72 of this Counterclaim.

**ANSWER:** Plaintiffs restate, reallege, and incorporate by reference their above answers to Paragraphs 1-72 of the Counterclaims as if fully set forth herein.

74. Plaintiffs' delay in filing the patent application that resulted in the '094 patent was unreasonable and unjustified.

**ANSWER:** Denied.

75. Prior to and after the filing of its ANDA, Accord invested in and continues to invest in developing a generic version of Oxycontin®.

**ANSWER:** Plaintiffs lack knowledge or information sufficient to form a belief about the truth of Defendant's statement in paragraph 75 and therefore deny these allegations.

76. Accord suffered prejudice attributable to Plaintiffs' delay in filing the patent applications that resulted in the '094 patent.

**ANSWER:** Denied.

77. Prosecution laches renders the ’094 patent unenforceable.

**ANSWER:** Denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs deny that Accord is entitled to the relief requested in its Counterclaims.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in this Answer and to the ability to amend this Answer to seek and allege any and all defenses not presently known or that are revealed during the course of discovery or otherwise, Plaintiffs assert the following affirmative defenses in response to Accord’s Counterclaims:

## FIRST AFFIRMATIVE DEFENSE

Accord’s Counterclaims, and all purported causes of action alleged therein, fail to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims of the patents-in-suit are not invalid or unenforceable and comply with the statutory provisions of Title 35 of the United States Code.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs’ patent infringement claims are not barred in any way by res judicata or collateral estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs’ patent infringement claims are not barred in any way by the doctrine of prosecution laches.

## FIFTH AFFIRMATIVE DEFENSE

Defendant has not sufficiently alleged and cannot prove that this case is exceptional pursuant to 35 U.S.C. § 285 with respect to its counterclaims. Defendant is not entitled to a finding that this case is exceptional or an award of reasonable attorneys' fees and/or costs.

## SIXTH AFFIRMATIVE DEFENSE

Any additional defenses that discovery may reveal.

## PLAINTIFFS' REQUESTED RELIEF

WHEREFORE, Plaintiffs deny that Accord is entitled to any judgment or relief in its favor and pray for judgment:

A. Dismissing with prejudice all claims of Accord's Counterclaims and adjudging that Accord takes nothing by its action;

B. Adjudging that Accord has infringed one or more claims of each of the patents-in-suit, and that the commercial sale, offer for sale, use, import and/or manufacture of Accord's ANDA Products would infringe, induce infringement of, and/or contribute to the infringement of one or more claims of each of the patents-in-suit;

C. Adjudging, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 213564, under § 505(b)(2) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(b)(2)), to be a date not earlier than the last date of expiration of the patents-in-suit plus any additional periods of exclusivity;

D. Preliminarily and permanently enjoining, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Rule 65, Fed. R. Civ. P., Accord, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities and all other persons acting in concert, participation, or in privity with Accord, and its successors and assigns, from any commercial manufacture, use, offer to sell, or sale within the United States, or importation into the

United States, of any drug product that is the subject of ANDA No. 213564, or any other drug product that infringes the patents-in-suit;

E. Declaring this an exceptional case and awarding Plaintiffs their attorneys' fees, as provided by 35 U.S.C. §§ 271(e)(4) and 285; and

F. Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

Respectfully submitted this the 6th day of June, 2025.


*_/s/ John F. Morrow, Jr._*
John F. Morrow, Jr.
N.C. State Bar No. 23382
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 721-3584
Facsimile: (336) 733-8429
John.Morrow@wbd-us.com

OF COUNSEL:

John J. Normile
NY State Bar No. 2236693
Gasper J. LaRosa
NY State Bar No. 4049367
Kevin V. McCarthy
NY State Bar No. 5417217
JONES DAY
250 Vesey Street
New York, NY 10281-1047
Telephone: (212) 326-3777
jjnormile@jonesday.com
gjlarosa@jonesday.com
kmccarthy@jonesday.com

Daniel G. Brown
NY Bar No. 2630994
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
daniel.brown@lw.com

Marc N. Zubick
IL Bar No. 6308239
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611

Telephone: (312) 876-7700
Facsimile: (312) 993-9767
marc.zubick@lw.com

Herman H. Yue
NY Bar No. 4602645
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
herman.yue@lw.com

*Attorneys for Plaintiffs*
*Purdue Pharma L.P.*
*Purdue Pharmaceuticals L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will give notice of such filing to all attorneys currently of record in the above-captioned case.

Dated: June 6, 2025

/s/ *John F. Morrow, Jr.*
John F. Morrow, Jr.